UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN, Plaintiff (*Kia Owner, Customer, or Client*),

**Voluntary Withdrawal or Voluntary Dismissal RULE 41 Notice "without prejudice"**

v.

KIA AMERICA, INC. (1840178), et. al. Defendants.
*(per California Secretary of State.)*

Case No. 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al

**George Jarvis Austin, Plaintiff (Self-represented)**
**2107 Montauban Ct., Stockton, CA**
**209.915.6304,**
**georgejarvisaustin@gmail.com**

**Note: Mr. George Jarvis Austin is an *injured* Black male Self Represented Northern District, Ninth Circuit, Litigant, filing complaint(s) about Kia's, in concert with EPIQ's *ongoing* 1. 42 USC 1981, Equal Protection, Due Process 2. False Advertising Section 43(a) of the Lanham Act 3. Fraudulent Inducement, Deceit, False Promises, Misrepresentations, Omissions and Actual Fraud (with Malice) 4. Negligence violations of his rights ; *$500,000-$1* million *minimum* Demand depending on structure, context and timing.**

NOTE: Mr. Austin's (Plaintiff's, self-represented with limited resources) technology is not currently allowing the showing of line numbering although he has repeatedly attempted to correct the technological issue (it is unintentional, and shall be corrected as soon as able) Erickson v. Pardus, 551 U.S. 89, 94 (2007)) "a pro se complaint, .. must be held to less stringent standards than formal pleadings drafted by lawyers.")

**RULE 41 NOTICE OF VOLUNTARY WITHDRAWAL OF ENTIRE CASE**
(WITHOUT PREJUDICE)

"When someone shows you who they are, believe them"
(no matter their race, gender, color, age, etc.) - **Maya Angelou**

"More than a century ago, the Supreme Court observed that the application of laws "with an evil eye and an unequal hand, so as practically to make unjust and illegal discrimination between persons in similar circumstances" constitutes a denial of equal protection ( or Due Process violations, etc.)**.**

- **U.S. v. Bourgeois, 964 F.2d 935, 938 (9th Cir. 1992) citing Yick Wo. v. Hopkins, 118 U.S. 356, 373-74, 6 S.Ct. 1064, 1072-73, 30 L.Ed. 220 (1886)"**

1. Self Represented Plaintiff, Mr. George Jarvis Austin, provides notice of Voluntary Withdrawal, or Voluntary Dismissal ('*without prejudice' as is the assumption in the law*) of this case in its entirety under FRCP Rule 41 for 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al. This notice terminates the case upon receipt, without need of court order as Plaintiff's notice is controlling under Rule 41 of FRCP without need of Judicial Order per Rule 41 of FRCP(A)(1)(A)(i - 'notice'). This filing serves as Notice that because no Defendant Answer, nor Motion for Summary Judgment has been filed (nor has Defendant yet to appear), Mr. Austin can without Court Order Voluntarily withdraw or Voluntarily Dismiss under FRCP Rule 41, and exercises his Rights to Do So in the interests of fairness and justice. See Fed. R. Civ. P. 41 ("(a) VOLUNTARY DISMISSAL. (1)By the Plaintiff. (A)Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Mr. Austin reminds the Court to

not Dismiss the case through Court Order (as it provides opportunity for Deception for an underhanded Defendant counsel), but Instead to Order this case administratively closed per Mr. Austin's voluntary withdrawal, or dismissal, for the reasons cited in the notice. This is to avoid further Due process violations, or racially discriminatory bias by this Court.

Due Process violations; Unequal application of rules, law, policy

2. In the earliest filing, Mr. Austin noted in his operative complaint violations of his due process, equal protection, and other essential rights. Although Mr. Austin proactively communicated, in advance, with Court staff tasked with providing litigants this information, Mr. Austin noticed that Federal Rules of Civil Procedure, particularly FRCP Rule 10, was being applied "with an evil eye and an unequal hand" violating Mr. Austin's Due Process (as compared with other cases, and judicial or clerk conduct within his own cases whereas the stated reasons didn't match up to to conduct on Judge (RFL) Lin's own docket). Before jumping to conclusions, Mr. Austin went out of his way to either 1. obtain explanation of the discrepancies in application 2. provide a non-prejudicial way to inform Mr. Austin of any particular preferences, or needs, of Judge (RFL) Lin by her staff or 3. Correct where there may have been a misunderstanding. However, none of the options that would operate to not prejudice Mr. Austin's case, or violate Mr. Austin's Due Process was pursued, instead the Court did not explain the discrepancies in application of the rule (whereas this has never been an issue previously, especially regarding summons issuance). Instead, summons issuance was intentionally withheld,

interrupting normal operation of summons issuance, for already listed and mentioned defendants in the body of complaint. See Dckt.#24

3. Mr. Austin, in good faith, even while simultaneously pursuing the non-prejudicial, or non due process violating, options (mentioned above) noted for the Court the Due Process concerns: See 22 (Request for Judicial Notice re 19 MOTION to Produce WRIT-SUMMONS by Clerk (Issuance) for All Defendant Parties In This Case Per Rule 4 FRCP & To Prevent Due Process Violations MOTION for Writ -Summons for all defendants, 10 Notice of Additional Parties, 11 Amended Complaint,, RULE 10(a) full instructions Clarification; Notice - "the title of other pleadings, after naming the first party on each side, may refer generally to other parties." filed byGeorge Jarvis Austin. (Attachments: # 1 Affidavit Title Page listed in compliance with FRCP Rule 10(a) full instructions, full citation " the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (i.e. KIA AMERICA, INC. (1840178), et. al. Defendants.")

4. Mr. Austin abides by FRCP Rule 10(c) incorporation by reference and 10(a) explicit instructions-provisions. After filing, proposed summons, and noticing that normal procedure was interrupted, Mr. Austin filed Request for Judicial Notice 22 (in concert with Dckt.19 MOTION to Produce WRIT-SUMMONS):

> "To be sure it is not a misunderstanding on the Court's, or Plaintiff's, end, before any unnecessary amendments or filings, and in the interest of judicial economy, Mr. Austin requests Judicial Notice for the Court to clarify:
>
> > **1.** The full instruction, and full citation, of FRCP Rule 10 which instructs (in full): "(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on

each side, may refer generally to other parties." - Federal Rules of Civil Procedure, Rule 10(a)
**2.** Application of Rule 10's explicit instruction that "after naming the first party on each side (i.e. Kia America, Inc. et al), [the title page] may refer generally to other parties" with All Defendants referred to generally as "et. al. Defendants."
**3.** Whether the Court wants any information specifically beyond what FRCP rule 10's explicit instruction is? If the Court would prefer something beyond FRCP rule 10's explicit instruction, what is the basis of the want for additional information, is it personal preference for Judge Lin, or a new interpretation of FRCP Rule 10's explicit, plain text-reading, instruction? 3. Thus, Mr. Austin Requests Judicial Notice as to 1. Mr. Austin's compliance with commonly understood, well settled, Rule 10 application and 2. if the Court wants information 'beyond' what rule 10 explicitly requires on the title page of 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al.

5. Mr. Austin also motioned to clarify, show cause, etc. 23. Mr. Austin is federal whistleblower ensuring his Due Process rights are not, further, violated. See e.g. Henderson v. United States, 517 U.S. 654, 657 (1996):

> " Federal Rule of Civil Procedure 4(a) (1988) provided: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Rule 4(b) provided: "The summons shall be signed by the clerk, [and] be under the seal of the court." Rule 4(d) stated: "The summons and complaint shall be served together.""

6. Mr. Austin is a Federal Whistleblower, of *ongoing* illegal conduct. Mr. Austin is a Federal whistleblower, and Black male litigant (with ongoing simultaneous investigations per his formal complaints) protected by whistleblower statutes, protections, per DOJ, AO, etc., regarding good faith formal complaint(s). Mr. Austin has already provided detailed testimony, and affidavits sworn under penalty of perjury at the behest of Federal Investigators due to defendants anti-Black male, fraud, facially discriminatory, Equal Protection violating, ongoing, conduct and will fully participate and cooperate going forward.

7. Mr. Austin cannot confirm or deny the full extent of the ongoing investigation at the Federal level with regard to White Supremacist *(no matter what color,*

*ethnicity, or race the White Supremacist are)*, or anti-Black male, hate groups or empathizers role and ideology, defendant's and their co-conspirators ongoing illegal conduct (as there is a severe uptick in racial anti-Black hatred and attention paid to this type of segregationist anti-Black conduct per FBI, NSA, at the direction of the President Biden, and Vice President Harris and other investigative agencies). This is part of the formal Whistleblower complaint process, for listed defendants, who have violated Mr. Austin's rights.

8. Mr. Austin sought to avoid any unnecessary delays in accord with Due Process & Equal Protection of his rights. Like Henderson v. United States Mr. Austin is properly following rules, and precedent, seeking to avoid any delays. Henderson v. United States, 517 U.S. 654, 657 (1996):

> "Having timely filed his complaint, Henderson attempted to follow the Federal Rules on service."...
>
> ...."A series of slips occurred in obtaining the summons required by Rule 4. Henderson's counsel requested the appropriate summons forms and file-stamped copies of the complaint on April 8, 1993, the day he filed Henderson's complaint. But the court clerk did not respond immediately. Counsel eventually obtained the forms on April 21, 1993, and completed and returned them to the clerk."...
>
> ...."On June 1, the constable's office returned the documents, informing Henderson's counsel that the summons was not in proper form, because it lacked the court's seal. Counsel thereupon wrote to the court clerk requesting new summons forms with the appropriate court seal. Counsel repeated this request on August 19; ultimately, on August 25, Henderson's counsel received the properly sealed summons. "

9. The Clerk's failure to timely, and properly, issue summons to all defendants violates Rule 4(a), and subsequently violates Mr. Austin's due process rights. See e.g. Zinermon v. Burch, 494 U.S. 113, 125-26 (1990) ("The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure.) See also e.g. Jefferson v. Stockholders Pub. Co., 194 F.2d 281, 282 (9th Cir. 1952):

> "There was, indeed, a failure to comply with Rule 4(a), namely, the clerk's failure to issue a summons forthwith upon the filing of the complaint. This being an action for libel and no undertaking for the payment of costs having been filed with the complaint, the clerk appears to have assumed that compliance with Rule 4(a) was precluded by § 1 of Act 4317 of Deering's General Laws of California. The assumption was incorrect. Section 1 relates to State court

actions, not to Federal court actions. In the Federal courts, compliance with Rule 4(a) is required in all civil actions, including actions for libel.""

Case is about fair application of law, rules, and policy; concern about "evil eye and unequal hand" already demonstrated to Mr. Austin's detriment

10. The unequal application of rules, law, and policy, with evil eye, and unequal hand shows in that the explanation for non issuance of summons (as to all defendants), on its face, did not match the conduct of an already issued summons in the exact same Judge (RFL) Lin case 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al, nor has this previously been an issue with multi-defendant cases in Mr. Austin's experience. For example, in 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al, in dckt. 8 (Summons Issued as to 1. Epiq Global, 2. Kia America, Inc.) whereas only the first Defendant, Party, was listed (Kia America, Inc.) on the precise title page, but summons for two separate Defendants were issued nonetheless. Why did that non-mentioned issue suddenly become such a big concern to deprive a Black litigant issuance of summons to all defendants, and thus Due Process (when only days prior the same issuance occurred for multiple defendants with only the first defendant listed)? See e.g. 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al

11. This question is particularly concerning, for Mr. Austin, and other Black male litigants, and especially pro se Black male litigants, as there is already a huge imbalance of power between the litigants whereas the Court is purposed, designed, and Constitutionally directed to be a neutral, fair, justice seeking body that mitigates those imbalances for the purpose of Justice, not exploits or superimposes

them through illegal conduct. Mr. Austin is concerned not just in the unequal application by Judge Lin, but the Failure to communicate, provide procedural information, despite Mr. Austin proactively reaching out to avoid this very scenario, in good faith.

12. Again, Mr. Austin sought a proactive solution. But the question of unequal application remains as to why in one case it was issued for multi-defendants, with only the first defendant party listed, but in the exact same case for the rest of defendants unequal application of rules, prohibiting issuance, with an evil eye & unequal hand. See e.g. title page example 1.& 2.

**EXAMPLE #1**

"UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN, Plaintiff
(*Kia Owner, Customer, or Client*),

**OPENING COMPLAINT**
; Full filing fee paid on site.

v.

KIA AMERICA, INC. (1840178), et. al. Defendants.
*(per California Secretary of State.)*

Case No. **TBA (To be Announced or Annotated)**

**George Jarvis Austin, Plaintiff (Self-represented)**
**2107 Montauban Ct., Stockton, CA**
**209.915.6304,**
**georgejarvisaustin@gmail.com"**

**EXAMPLE #2**

"UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN, Plaintiff
(*Kia Owner, Customer, or Client*),

v.

KIA AMERICA, INC. (1840178), et. al. Defendants.
*(per California Secretary of State.)*

Case No. 3:24-cv-02251-RFL Austin v. Kia America, Inc. et al

**George Jarvis Austin, Plaintiff (Self-represented)**
**2107 Montauban Ct., Stockton, CA**
**209.915.6304,**
**georgejarvisaustin@gmail.com"**

13. As stated above, Before jumping to conclusions, Mr. Austin went out of his way to either 1. obtain explanation of the discrepancies in application 2. provide a non-prejudicial way to inform Mr. Austin of any particular preferences, or needs, of Judge (RFL) Lin by her staff or 3. Correct where there may have been a misunderstanding. However, none of the options that would operate to not prejudice Mr. Austin's case, or violate Mr. Austin's Due Process was pursued, instead the Court did not explain the discrepancies in application of the rule (whereas this has never been an issue previously, especially regarding summons issuance). Instead, summons issuance was intentionally withheld, interrupting normal operation of summons issuance, for already listed & mentioned defendants in body of complaint. See Dckt.24

14. This Serves as Official Notice that because no Defendant Answer, nor Motion for Summary Judgment has been filed (nor has any defendant even yet appeared), Mr. Austin can without Court Order Voluntarily Withdraw or Voluntarily Dismiss under FRCP Rule 41, and exercises his Rights to Do So in the interests of fairness and justice. See Fed. R. Civ. P. 41 ("(a) VOLUNTARY DISMISSAL. (1)By the Plaintiff. (A)Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

15. Thus, Mr. Austin voluntarily withdraws or voluntarily dismisses the entire case without need of motion, nor Court Order under controlling Federal Rules of Civil Procedure Rule 41. Mr. Austin reminds the Court to not Dismiss the case through Court Order [which would be moot, illegal, and inapposite] ( and as it provides opportunity for Deception for an underhanded Defendant counsel; ), but Instead to Order this case *administratively closed* per Mr. Austin's voluntary withdrawal, or voluntary dismissal, 'without prejudice' for the reasons cited in this notice. This is to avoid further Due process violations, or racially discriminatory bias, by this Court.

**George Jarvis Austin**
**s/ George Jarvis Austin 5/3/24**